IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL NO. JKB-12-2140 |
| **ONE 2007 JEEP GRAND CHEROKEE** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Now before the Court is the MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT AGREEMENT (ECF No. 4) filed by Elizabeth Benton, the apparent owner of the vehicle that is the subject of this litigation. The Court has reviewed the motion as well as the GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL (ECF No. 7).

The Government does not dispute the core allegations of Ms. Benton, which are that she, through counsel, entered into negotiations with a law clerk at the U.S. Attorney's Office in relation to the disposition of the subject vehicle. The Government does not dispute that their law clerk apparently represented to Ms. Benton's attorney that there was an agreement between the Government and Ms. Benton, whereby the vehicle would be returned to Ms. Benton. The Government's sole contention is that the law clerk lacked the actual authority to enter into this disposition and that, before doing so, she had failed to consult with the supervising Assistant U.S. Attorney in the case.

The papers in this case suggest that the Government has delegated the responsibility for negotiating the disposition of small forfeiture cases to law clerks. The Government does not deny this suggestion; it only contends that the ultimate authority to enter into an agreement rests

only with an Assistant U.S. Attorney. Nowhere does the government contend that its law clerk communicated this limitation to opposing counsel before or during the relevant negotiation.

Noting again that the central facts are not in dispute, and that the Government apparently concedes that its law clerk reached an agreement with Ms. Benton's attorney without reservation, *i.e.*, without reserving to the Government the right to consult with a superior official, the Court concludes that in fact an agreement was struck between Ms. Benton's representative and the agent directed by the Government to negotiate the disposition. The law clerk had apparent authority. It is more than "unfortunate if Ms. Waldman did not make clear to Ms. Benton's counsel that she would have to get the approval from an Assistant U.S. Attorney before the Government would be bound by any agreement." (ECF No. 7 at p. 3). It was an omission that left Ms. Benton's representative with the reasonable understanding and expectation that the law clerk had authority and that a deal had been struck. Moreover, it is unseemly that under these circumstances the Government is attempting to evade the consequences of this conduct on the part of its agent. The Government is ORDERED to comply with the terms of the Agreement struck between its law clerk and Ms. Benton's representative. The government does not dispute the accuracy of counsel's rendition of that agreement (set out in ECF No. 4, Exh. 3), and the Court therefore finds that counsel's rendition is accurate in its expression of the core terms of the parties' agreement. This matter has been SETTLED. It is DISMISSED.

A separate order will follow.

DATED this 20th day of November, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge